George Thomas **FRANKLIN**, Plaintiff,

v.

Lenore **TERR**, et al., **Defendants.**

**No. C 97–2443 CRB.**

United States District Court, N.D. California.

Nov. 25, 2003.

Dennis P. Riordan, Riordan & Rosenthal, San Francisco, CA, Andrew C. Schwartz, Casper, Meadows & Schwartz, Walnut Creek, CA, for plaintiff.

Deborah Penny Bennett, County Counsel's Office, Redwood City, CA, for Martin Murray, Robert Morse, Bryan Cassandro, Sergeant Sueno, defendants.

Richard S. Diestel, Bledsoe Cathcart Diestel & Pederson, LLP, San Francisco, CA, for Eileen Franklin-Lipsker, defendant.

## MEMORANDUM AND ORDER

BREYER, District Judge.

This lawsuit arises out of plaintiff George Franklin's conviction for a 20–year–old murder based in large part on the testimony of his daughter Eileen Franklin. A federal court reversed plaintiff's conviction in 1996 and the San Mateo County District Attorney declined to retry him. Plaintiff subsequently filed this section 1983 action against his daughter, several San Mateo County officials, and two trial witnesses. After several proceedings, including two interlocutory appeals to the Ninth Circuit Court of Appeals, two claims and one defendant remain in this lawsuit: (1) the third cause of action against Eileen Franklin ("Eileen") alleging that Eileen conspired with San Mateo County officials to conceal that she had remembered the murder while under hypnosis, and (2) the fourth cause of action against Eileen alleging that Eileen conspired with San Mateo County officials to exclude from plaintiff's criminal trial evidence that everything Eileen knew about the murder could have been learned from information in the public domain. Eileen's motion for summary judgment on these claims is now pending before the Court.

## BACKGROUND

In August 1989, Eileen told her brother and mother that she now remembered witnessing her father murder her eight-year-old best friend Susan Nason in 1969. She also told them that her memory had surfaced while she was under hypnosis. In November 1989, an attorney advised Eileen that testimony arising from hypnosis is inadmissible at trial. *See Franklin v. Duncan,* 884 F.Supp. 1435, 1442 n. 4 (N.D.Cal.1995). Later that month she told her brother that she had not been hypnotized and that he should not mention it if called to testify. *Id.* at 1442.

On November 25, 1989, prior to plaintiff's arrest, San Mateo County Detectives Morse and Cassandro interviewed Eileen. While plaintiff has maintained that Eileen told Morse and Cassandro that she remembered the murder while under hypnosis, this Court has previously found, and the Ninth Circuit affirmed, that plaintiff has not submitted evidence sufficient to support such a finding. *Franklin v. Fox,* 312 F.3d 423, 440 (9th Cir.2002). Morse, Cassandro, and Eileen all maintain that she told them she had considered hypnosis

for weight loss. *Id.* Plaintiff's evidence supports a finding, at most, that Eileen told them she had previously been hypnotized for weight loss. *Id.*

Eileen testified at plaintiff's criminal trial that she had told her brother that she recovered her memory of the murder while under hypnosis. She nonetheless insisted that she had never been hypnotized. She explained that she had made up the hypnosis story so that her brother would be willing to accept that she could have remembered the murder after 20 years. Eileen's therapist, Kirk Barrett, testified that he had never hypnotized Eileen. Eileen's brother testified that Eileen had told him that her memory of witnessing the murder had surfaced during hypnotherapy. Plaintiff argued to the jury that Eileen's memories were false memories triggered as a result of hypnosis. *Franklin,* 884 F.Supp. at 1442. The jury nonetheless convicted plaintiff of first degree murder.

In 1996, six years after plaintiff's conviction, Eileen's sister, Janice Franklin, testified that both she and Eileen had been hypnotized by Kirk Barrett and that Eileen had recovered her memory of the murder while under hypnosis.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is "material" only if it could affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A principal purpose of the summary judgment procedure "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Ind. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

"In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all reasonable inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio,* 125 F.3d 732, 735 (9th Cir.1997). An inference may be drawn in favor of the non-moving party, however, only if the inference is "rational" or "reasonable" under the governing substantive law. *See Matsushita,* 475 U.S. at 588, 106 S.Ct. 1348.

## DISCUSSION

### I. The Third Cause of Action: Conspiring To Conceal That Eileen Had Been Hypnotized

Eileen moves for summary judgment of the third cause of action on various grounds, including that she is entitled to absolute immunity and that there is insufficient evidence for a jury to find that she conspired with the prosecutor, Elaine Tipton, and/or Detectives Morse and Cassandro, to conceal that she had recovered her memories under hypnosis.

#### A. Absolute Witness Immunity

■ Eileen previously moved for judgment on the pleadings on the third and fourth causes of action on the ground that even if she conspired with others to present false testimony at trial she is absolutely immune from civil liability. The Court

denied her motion on the ground that the Ninth Circuit has held that such immunity does not apply to "complaining witnesses," that is, witnesses responsible for initiating the prosecution. Jan. 22, 2001 Memorandum and Order at 3–4. To the extent Eileen's motion for summary judgment seeks reconsideration of that decision, it is denied.

■ Eileen also argues that the evidence is insufficient to support a finding that she was a complaining witness. The Court disagrees. There is a genuine dispute as to whether Eileen was a complaining witness with respect to the initiation of the prosecution of her father such that she is not entitled to absolute immunity.

## B. The Conspiracy Allegation

■ Plaintiff seeks to hold Eileen liable under the civil rights statute, 42 U.S.C. section 1983, for conspiring to present false testimony at trial, namely, lying about having remembered the murder while under hypnosis. "A private individual may be liable under § 1983 if she conspired or entered joint action with a state actor." *Franklin,* 312 F.3d at 441. Plaintiff "must show 'an agreement or "meeting of the minds" to violate constitutional rights.'" *Id.* In other words, Eileen's liability turns on whether plaintiff can prove that the prosecutor Tipton, or the Detectives, Morse and Cassandro, conspired with Eileen to conceal that Eileen had undergoing hypnotherapy.

■ The Court has previously ruled that there is a genuine dispute as to whether Eileen recovered her memories under hypnosis and therefore perjured herself at trial. Although she and her therapist maintain that she has never been hypnotized, and there are no documents suggesting that she had been hypnotized, she initially told her brother and mother that she had been hypnotized, she changed her story after learning that if she had

been hypnotized her testimony about the murder would be inadmissible, and her sister testified that Eileen had been hypnotized.

The issue here, however, is not whether Eileen perjured herself, but rather whether Tipton, Morse or Cassandro conspired with Eileen to present Eileen's perjured testimony. In order to find a conspiracy, there has to have been a meeting of the minds, that is, Tipton, Morse or Cassandro—at a minimum—*must have known* that Eileen was lying.

Plaintiff argues that the following evidence creates a genuine dispute of fact as to whether Tipton, Morse or Cassandro knew Eileen was lying and therefore conspired with her to convict plaintiff on the basis of false testimony: (1) they knew that Eileen had been seeing a therapist for years; (2) they knew that she had been hypnotized for weight loss (viewing the evidence in the light most favorable to plaintiff); (3) they knew that she had initially told her family that she had recovered her memory under hypnosis and recanted her statement only after learning that if she had been hypnotized her testimony would be inadmissible; and (4) Eileen told her brother not to disclose that she had initially said she had been hypnotized.

The question is whether the evidence, if presented to a rational jury, would establish not just that Eileen gave false testimony about hypnosis, but the broader and necessary fact that one or more of the state actors *knew* Eileen's testimony was false. In other words, what is the evidence that the alleged co-conspirators knew Eileen perjured herself? To put it another way, does the proffered evidence do more than simply demonstrate that it is *possible* that these other people knew? Because something is possible is not proof that it happened. Plaintiff must point to

more than the fact that Tipton, Cassandro, and Morse *could have* disbelieved Eileen in order to prove that they did disbelieve her, and conspired with her to convict plaintiff on the basis of false testimony.

Unfortunately, it is a fact of courtroom life that from time to time witnesses lie under oath. This reprehensible fact alone does not then create a corresponding assumption that others associated with the presentation of the case conspired to produce false testimony. Nor does it create a genuine issue of disputed fact. To hold otherwise would mean that anytime a government witness gives testimony that one might reasonably disbelieve, a genuine issue of material fact will exist as to whether the prosecutor conspired with the witness to convict the defendant on the basis of perjured testimony, even if (as in this case) the jury apparently believed the witness. Plaintiff does not cite any case which remotely supports such a proposition. Plaintiff must come forward with some evidence that shows not only that the San Mateo officials could have disbelieved Eileen, *but that they in fact disbelieved her.* He does not point to any conduct or words by these officials upon which a rational jury could base a finding that the San Mateo defendants in fact knew Eileen was lying about the hypnosis.

Plaintiff does argue that additional evidence shows that Morse and Cassandro, at least, knew Eileen was lying. At oral argument he explained that a jury could find that Morse and Cassandro lied under oath about other things, and therefore the jury could find that they lied about believing Eileen when she explained that she had concocted the hypnosis story. In his notes of his first interview with Eileen, Cassandro wrote: "Wit/S hypnotized to lose weight." *Franklin,* 312 F.3d at 440. Morse, Cassandro and Eileen have all testified that Eileen told Morse and Cassandro that she *considered* hypnosis to lose weight, not that she had actually been hypnotized to lose weight. *Id.* at 440. The note, construed in the light most favorable to plaintiff, however, could be read as reflecting that Eileen said she had been hypnotized for weight loss. Thus, reasons plaintiff, since a jury could find that Eileen said she had been hypnotized for weight loss, a jury could also find Morse and Cassandro lied when they testified that Eileen said she had only considered hypnosis for weight loss. From this lie, again according to plaintiff, a jury could infer that Morse and Cassandro are lying when they testify that they believed Eileen had not recovered her memory of the murder under hypnosis.

Plaintiff's contention that Morse and Cassandro are lying is not evidence of either a lie or of a conspiracy to convict plaintiff on the basis of false testimony. "The possibility that the defendant may discredit the defendant's testimony at trial is not enough for the plaintiff to defeat a properly supported motion [for summary judgment]." *Phelps Dodge,* 865 F.2d at 1542. In *Anderson v. Liberty Lobby,* for example, the plaintiff argued, as does plaintiff here, that a defendant "should seldom if ever be granted summary judgment where his state of mind is at issue and the jury might disbelieve him or his witnesses as to this issue." 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Supreme Court held, however, that a plaintiff may not defeat a properly supported summary judgment motion by "merely asserting that the jury might, and legally could, disbelieve the defendant's denial of a conspiracy." *Id.; see also Bose Corp. v. Consumers Union of United States, Inc.,* 466 U.S. 485, 512, 104 S.Ct. 1949, 80 L.Ed.2d 502 (1984) ("discredited testimony is not [normally] considered a sufficient basis for drawing a contrary conclusion."). "Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for

summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity for discovery." *Anderson,* 477 U.S. at 257, 106 S.Ct. 2505. Plaintiff has not come forward with such affirmative evidence.[1]

Plaintiff also asserts that prior to trial Eileen accused her father of another murder which Franklin could not have committed. *See* Plaintiff's Opp. at 13–14. Plaintiff does not cite to any evidence to support the statements in the brief, and in particular, the implicit allegation that Morse or Cassandro knew prior to plaintiff's trial that the new murder allegation was false. *See Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir.1996) (in determining whether to grant or deny summary judgment, it is not a court's task "to scour the record in search of a genuine issue of triable fact;" rather, a court is entitled to rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment).

In sum, plaintiff has not identified evidence from which a rational trier of fact could find that Eileen and Tipton, Morse or Cassandro "positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan," *Phelps,* 865 F.2d at 1549 (Trott, dissenting) (citation and internal quotation omitted), namely, to have Eileen testify falsely at trial about recovering her memory of the murder while under hypnosis. Eileen is entitled to summary judgment on plaintiff's third cause of action.

## II. The Fourth Cause Of Action: Conspiracy To Hide Public Domain Evidence

■ Plaintiff's petition for habeas corpus was granted, in part, on the ground that his constitutional rights were violated by the state trial court's exclusion of newspaper articles that would have shown that what Eileen knew about the murder could have been learned from public sources; in other words, evidence that rebutted the prosecution's assertion that Eileen must have witnessed the murder, otherwise how would she know the details of the murder. *Franklin,* 884 F.Supp. at 1453–55. In the fourth cause of action plaintiff alleges that Eileen conspired with Tipton to keep the jury from hearing this evidence. This claim, too, fails.

Plaintiff has not presented any evidence that Eileen conspired with Tipton to exclude this evidence from the trial; indeed, there is no evidence that Eileen knew that Tipton was going to move to exclude such evidence. That Eileen testified that she had not read any newspaper articles about the murder (despite her husband (at the time) having kept a file of such articles), does not support an inference that Tipton and Eileen conspired to hide such evidence. *See Franklin,* 884 F.Supp. at 1456 ("There is no evidence that the state knowingly introduced false testimony by [Eileen]."). Plaintiff also alludes to the deposition testimony of Lenore Terr, the recovered memory expert. He appears to argue that because Terr met with Eileen, and then later met with Tipton, such meetings somehow support an inference of a conspiracy to exclude public domain evidence. The Court disagrees.

## CONCLUSION

For the foregoing reasons, Eileen's motion for summary judgment on the two claims remaining in this lawsuit is GRANTED.

**IT IS SO ORDERED.**

---

1. Plaintiff's opposition identifies two other instances in which he contends Morse and Cassandro lied. Plaintiff's Opp. at 12. This evidence is insufficient for the reasons stated above.

## JUDGMENT

The Court having previously entered judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of defendants Jim Fox, Martin Murray, Robert Morse, Bryan Cassandro, Elaine Tipton, and John Cuneo and against plaintiff George Franklin, and having previously granted summary judgment in favor of Lenore Terr, Kirk Barrett, and Elaine Franklin, it is hereby ordered that judgment be entered in favor of defendants Terr, Barrett and Elaine Franklin and against plaintiff George Franklin.

**IT IS SO ORDERED.**